IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:16-cr-30024-DWD |
| ) | |
| ASTIN DEAN NAULS ALLISON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

In 2017, Defendant Astin Deal Nauls Allison was sentenced to 151 months in prison after pleading guilty to a two-count indictment. (Docs. 176 & 372) His anticipated release date is November 2026. *Id.* Now before the court is Allison's motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). (Doc. 489) He argues that his sentence should be reduced because his asthma puts him at greater risk of suffering severe illness if he contracts COVID-19. The United States of America has responded to the motion (Doc. 492), and it is ripe for decision. The motion is due to be denied because Allison has been vaccinated against COVID-19 and is not otherwise at increased risk of developing a severe illness if he contracts the virus.

Allison is incarcerated at FMC-Fort Worth in Fort Worth, Texas. *Find an inmate*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc (last accessed October 20, 2021). FMC-Fort Worth currently has one inmate and no staff who have tested positive for COVID-19. *Coronavirus*, BOP, https://www.bop.gov/coronavirus (last

accessed October 20, 2021). While 15 inmates at FMC-Fort Worth have died from COVID-19, 643 inmates and 48 staff members have recovered from the virus. *Id.* Of the 1,315 inmates housed at FMC-Fort Worth, *FMC Forth Worth*, BOP, https://www.bop.gov/locations/institutions/spg/ (last accessed October 20, 2021), 1,164 have been fully vaccinated, a rate of 88.5%. *COVID-19*, BOP, https://www.bop.gov/coronavirus (last accessed October 20, 2021). The Bureau of Prisons has implemented a Modified Operations Plan to combat the spread of COVID-19 in all of its facilities. *BOP Modified Operations*, BOP, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed October 20, 2021).

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[1] The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

After such a motion is filed, either by the Director of the Bureau of Prisons or by

---

[1] The United States does not contend that Allison failed to exhaust his administrative remedies.

the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). However, if the motion is brought by the defendant, the court may consider the Commission's policy statements but is not bound by them. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). The Commission's policy statement essentially restates § 3582(c)(1)(A), but the Application Notes to the policy statement suggest specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant, and (C) family circumstances. *Application Notes*, U.S.S.G. § 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

## DISCUSSION

Allison argues that he has two extraordinary and compelling reasons for sentence reduction. First, he argues that his COVID-19 infection in February 2021 aggravated his asthma and placed him at great risk of severe harm should he again contract COVID-19, particularly the Delta variant of the disease. Second, he argues that his sentence would

3

be more lenient if he were sentenced today. Finally, he argues that the sentencing factors in § 3553(a) weigh in his favor. However, the Court need not address the § 3553(a) factors because Allison's reasons for sentence reduction are not extraordinary and compelling.

A.   **COVID-19**

Allison argues that his asthma and the Bureau of Prisons' ("BOP") inadequate protections place him at high risk of contracting a severe case of COVID-19 if he remains incarcerated. According to the Centers for Disease Control ("CDC"), moderate to severe asthma makes a person more likely to get severely ill from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed October 20, 2021). However, Allison has not shown that his asthma is moderate to severe. His medical records confirm that he has asthma. But records from January 20, 2021, indicate that he had not experienced recent wheezing or coughing and reported that he sometimes did not use his inhaler for months at a time. (Doc. 492-1 at 14) Records from June 2, 2021, indicate that he has never been intubated because of his asthma and that he did not report a history of coughing or wheezing. (Doc. 492-1 at 6) He was prescribed an inhaler but instructed to not use it daily and only as needed. (Doc. 492-1 at 7)

Allison's medical records also indicate that he received his first dose of the Pfizer COVID-19 vaccine on April 15, 2021, and his second dose on May 4, 2021. (Doc. 492-1 at 84) According to the CDC, "COVID-19 vaccines are safe and effective at preventing COVID-19 [and] severe disease and death from . . . the Delta variant." *When You've Been Fully Vaccinated*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-

4

vaccinated.html (last accessed October 20, 2021). For most prisoners, the COVID-19 vaccine "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The risk of contracting COVID-19 at FMC-Fort Worth does not appear very high as there is currently only one active case of COVID-19 there and 88.5% of inmates have been vaccinated. Under these facts, the Court finds that Allison's asthma and the conditions at FMC-Fort Worth do not constitute extraordinary and compelling reasons for sentence reduction. *See United States v. Ballard*, No. 4:16-cr-40051-SLD-2, 2021 WL 2345007, at *2–3 (C.D. Ill. June 8, 2021) (denying motion for compassionate release for defendant with high-risk medical conditions because she was fully vaccinated and at a facility with no active COVID-19 cases and a high overall vaccination rate).

**B.     Sentencing**

Allison argues that were he sentenced today, his sentence would be significantly shorter "based upon certain factors." (Doc. 489 at 21) He refers to a change in the sentencing guidelines and "the amount of drugs" attributed to him but does not explain the change to which he is referring or how it would alter his sentencing. (Doc. 489 at 20) He also seems to suggest that the Court did not address the disputes in the presentence report and his objections as to the factual findings. (Doc. 489 at 21) These concerns fall short of meeting Allison's burden to establish an extraordinary and compelling reason under § 3582(c)(1)(A). That statute does not give the Court authority to reduce a sentence because "the length of the sentence itself is an extraordinary and compelling circumstance." *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). Allison's

arguments about the sentence being too long or having been ordered improperly are properly presented in a petition for post-conviction relief under 28 U.S.C. § 2255, not a motion for compassionate release. *See id.* (citing *Hrobowski v. United States*, 904 F.3d 566, 567–68 (7th Cir. 2018) ("Section 2255 allows a prisoner to vacate his sentence if he can demonstrate that it was imposed in violation of the Constitution . . . or that the sentence is otherwise subject to collateral attack.")). Therefore, neither Allison's sentence nor his asthma constitutes an extraordinary and compelling reason for sentence reduction.

## CONCLUSION

For these reasons, Allison's motion for compassionate release (Doc. 489) is **DENIED**.

**SO ORDERED.**

Dated: October 22, 2021

_____
DAVID W. DUGAN
United States District Judge