IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cr-30024-DWD |
| | ) |
| ASTIN DEAN NAULS ALLISON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In 2017, Defendant Astin Dean Nauls Allison was sentenced to 151 months in prison after pleading guilty to a two-count indictment. (Docs. 176 & 372). His anticipated release date is November 2026. *Id.* On September 7, 2021, Allison filed a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). (Doc. 489). The Court ordered the United States to respond by October 8, 2021, and ordered Allison to file any reply brief by October 29. (Doc. 491). The United States responded to the motion on September 20, 2021 (Doc. 492), and the Court denied the motion on October 22, 2021. (Doc. 497). On November 1, 2021, the Court received Allison's reply brief, which he mailed to the Court either on October 21 or 22, 2021. (Doc. 498 at 13 & 15). Therefore, the Court finds that the reply brief was timely filed. *See Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (affirming that *pro se* prisoners' "papers should be considered filed when given to prison officials" because "prisoners filing *pro se* do not have the same access to the court system as other litigants"). The Court will construe the reply brief as a motion to reconsider but

finds that it is due to be denied for the following reasons.

## LEGAL STANDARDS

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

After such a motion is filed, either by the Director of the Bureau of Prisons or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). However, if the motion is brought by the defendant, the court may consider the Commission's policy statements but is not bound by them. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). The Commission's policy statement essentially restates § 3582(c)(1)(A), but the Application Notes to the policy statement suggest specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the

2

defendant; (B) the age of the defendant, and (C) family circumstances. *Application Notes*, U.S.S.G. § 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). A party may seek relief from a judgment or order under Federal Rule of Civil Procedure 60(b) by showing any of six different circumstances, including mistake, newly discovered evidence, or "any other reason that justifies relief." "The district court has great latitude in making a Rule 60(b) decision," *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), but relief under the rule is an "extraordinary remedy," *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017).

## Discussion

Allison fails to provide any reason for the Court to reconsider its denial of his compassionate release motion. In his original motion, Allison argued that his asthma and the Bureau of Prisons' ("BOP") inadequate protections place him at high risk of contracting a severe case of COVID-19 if he remains incarcerated. However, the Court found that Allison had not shown that his asthma is severe enough to put him at increased risk of becoming severely ill should he contract COVID-19. (Doc. 497 at 4).

3

Allison is also fully vaccinated against COVID-19, further reducing his risk of severe illness. (Doc. 497 at 4).

In his reply brief, Allison argues for the first time that he also suffers from "elevated liver disease." (Doc. 498 at 7). According to the Centers for Disease Control ("CDC"), chronic lung disease, such as alcohol-related liver disease, non-alcoholic fatty liver disease, and autoimmune hepatitis, makes a person more likely to become severely ill from COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed February 2, 2022). However, Allison's medical records do not show that he was ever diagnosed with any type of chronic lung disease. They only indicate that a liver function study in 2011 showed abnormal liver function. (Doc. 492-1 at 1, 45, 47, 49, 51 & 77). Allison has not met his burden to establish that he has a chronic liver disease that places him at an increased risk of becoming severely ill.

Cases of COVID-19 among inmates and staff at FMC-Fort Worth, Allison's facility, have increased since the Court denied his motion in October 2021. Nineteen inmates and twenty-two staff are currently COVID-19 positive at FMC-Fort Worth. *Coronavirus*, BOP, https://www.bop.gov/coronavirus (last accessed February 4, 2022). Regardless, Allison has no documented chronic health condition that would place him at a higher risk of becoming severely ill should he contract COVID-19. And as the Court found in its previous order, Allison is fully vaccinated. According to the CDC, the COVID-19 vaccines "are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant," just as they have against other variants. *COVID-19*

4

*Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last accessed February 4, 2022). For Allison and most prisoners, the COVID-19 vaccine "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Allison has not provided any other "extraordinary and compelling" reason for sentence modification. Therefore, the Court need not proceed to the second step of the analysis by considering the sentencing factors under 18 U.S.C. § 3553(a).

For these reasons, the Court affirms its October 22, 2021, order denying Allison's motion for compassionate release, notwithstanding his reply brief. Construed as a motion to reconsider, Allison's reply brief (Doc. 498) is **DENIED**.

**SO ORDERED.**

Dated: February 4, 2022

_____
DAVID W. DUGAN
United States District Judge